**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**ATHENS DIVISION**

| | | |
|---|---|---|
| EDWING RENE CASTRO REYNOSO, | : | |
| | : | |
| Petitioner, | : | |
| | : | NO. 3:10-CV-47 (CAR) |
| VS. | : | |
| | : | |
| DANNIE THOMPSON, | : | |
| | : | Proceedings Under 28 U.S.C. §2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Before the court is respondent Dannie Thompson's motion seeking dismissal of the above-captioned petition. Tab #12. Therein, respondent Thompson contends that the instant petition is due to be dismissed as untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. §2244(d). Petitioner Edwing Rene Castro Reynoso has responded to the motion. Tab #15. The motion is ripe for review.

### FACTUAL AND PROCEDURAL HISTORY

On November 15, 2006, in the Superior Court of Franklin County, Georgia, the petitioner pled guilty to robbery, burglary, false imprisonment, aggravated assault, obstruction of an officer, interference with government property, and escape. For robbery, burglary, and aggravated assault, the court imposed a sentence of twenty (20) years each. The petitioner was also sentenced to ten (10) years for false imprisonment and five (5) years each for the offenses of obstruction, interference with government property, and escape. All of the sentences are to be served concurrently.

On October 8, 2008, the petitioner filed a "motion for out-of-time appeal and incorporated motion to withdraw and motion for relief" in the trial court. This motion has yet to be decided. On July 2, 2010, the petitioner executed the instant petition. As noted above, the respondent has moved for dismissal upon the assertion that the petition is untimely under 28 U.S.C. §2244(d).

DISCUSSION

Because this federal petition was filed outside the applicable limitations period, and because the petitioner has failed to show any cause for tolling the limitations period, the petition must be dismissed. The AEDPA sets forth a one (1) year statute of limitations for filing an application for a writ of habeas corpus for a person in custody pursuant to the judgment of a state court. 28 U.S.C. §2244(d)(1). This limitations period begins to run on the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. In calculating the limitations period, courts do not count any time "during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

In this case, the petitioner's convictions became final no later than December 15, 2006, the day upon which the thirty (30) day time period for filing a notice of appeal expired. *See* O.C.G.A. § 5-6-38. Consequently, and in accordance with 28 U.S.C. §2244(d), the petitioner had until no later than Monday, December 15, 2007 in which to file a state collateral attack or federal petition. There is nothing to indicate that the petitioner filed any such action until October 8, 2008. Consequently, at the time the petitioner filed his October 8, 2008 motion seeking an out of time appeal, the AEDPA's one (1) year period of limitations had already expired.

In view of the above, the amount of un-tolled time that elapsed between the petitioner's convictions becoming final and his execution of the instant federal habeas action totaled no less than nine-hundred-thirty (930) days. This amount of time far exceeds the one (1) year period of limitations. Accordingly, IT IS RECOMMENDED that the respondent's motion seeking dismissal be GRANTED and the instant petition DISMISSED. Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned, WITHIN FOURTEEN (14) DAYS after being served with a copy thereof. The Clerk is directed to serve the petitioner at the <u>last</u> <u>address</u> provided by him.

SO RECOMMENDED, this 24$^h$ day of November, 2010.

 s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge